# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN KILISZEK,** | : | **No. 3:04cv2604** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **NELSON, WATSON,** | : | |
| **& ASSOCIATES, LLC,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Defendant Nelson, Watson, & Associates, LLC's ("Nelson") motion for summary judgment. Plaintiff Justin Kiliszek has responded with a motion pursuant to Federal Rule of Civil Procedure 56(f) to reopen discovery and delay consideration of summary judgment. Along with his motion for further discovery, Kiliszek filed a motion to compel discovery, a motion to strike Nelson's discovery responses, and a motion to strike Nelson's summary judgment motion. These matters have been fully briefed and are ripe for disposition. For the following reasons, we will grant the motion for summary judgment on Counts IV-VII, but will allow Kiliszek to conduct additional discovery to oppose summary judgment on the remaining claims. We will deny his motion to compel and his motions to strike.

### I.    Background

Nelson is a debt collection agency that has attempted to collect a debt owed by Kiliszek. Kiliszek accrued the debt on a credit card with People's Bank. On May 6, 2004, Nelson sent Kiliszek a collection letter, which requested $ 736.19 in interest and $ 290 in

fees in addition to the $1,647.44 principle balance.  (Def. Ex. in Supp. Summ. J. 2).  This letter also offered to settle the matter entirely with one payment of $ 1,336.67 if Nelson received the funds by the close of business on May 21, 2004.  The letter did not however, include a notice providing that Nelson would: (1) assume the validity of the debt unless Kiliszek disputed it within thirty days; (2) obtain verification of the debt if Kiliszek disputed it and provide the verification to him; or (3) if requested, provide the name and address of the original creditor.  Such a notice is required under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g, for an original communication with a debtor.

Nelson kept a debtor overview report on Kiliszek's account, which is a computer record of all collection activity. (Def. Ex. 8 ¶ 2, Nelson Aff.)   Kiliszek's report indicates that Nelson's initial communication was a letter sent on March 18, 2003, not the May 6, 2004 letter.  (Def. Ex. 6, Debtor Overview Rep).  This report does not indicate the contents of the initial communication.

Nelson does not keep hard copies of its collection letters, but instead notes the nature and types of letters on the debtor overview report and saves copies of the form letters. (Nelson Aff. ¶ 4-5).  When Nelson needs a hard copy, it reprints the form letters with the debtor's current personal information, which may be different from the information that was on the original letter sent to the debtor, and the reprinted copy may also have a different font. (Id. ¶ 6-8)   However, the content of the reprinted letter is identical to the original.  (Id. ¶ 9).

Nelson has produced a letter dated March 18, 2003 ("exhibit three"), which includes

the following notice:

> Unless you dispute the validity of all or a portion of this debt within 30 days from your receipt of this letter, we will assume the debt is valid.  If you notify us in writing within 30 days, that you dispute all or a portion of the debt, we will obtain verification of the debt or a copy of a judgment against you and mail the verification or copy to you. Upon your written request within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Def. Ex. 3).

Exhibit three is not a copy of a letter sent to Kiliszek on March 18, 2003, because it lists an address for Kiliszek that he did not use until a later date.  The parties dispute whether exhibit three is an accurate computer reproduction of a letter sent in March 2003 or a letter created by Nelson only after Kiliszek filed suit.

## II.    Procedural Background

Kiliszek initially filed suit in state court in Monroe County, Pennsylvania.  On December 3, 2004, Nelson removed it to this Court.  On December 22, 2004, Kiliszek filed an amended complaint, advancing seven separate counts.  Counts I-III allege that Nelson violated the FDCPA because its initial communication did not include the notices required by 15 U.S.C. § 1692g.  Count IV asserts that Nelson violated the FDCPA by including a false and misleading settlement offer in its May 6, 2004 letter.  Counts V-VI maintain that Nelson violated the FDCPA in its May 6, 2004 letter by requesting interest and costs not provided for in the original agreement creating the debt.  Count VII is a common law fraud claim, asserting that Nelson committed fraud by including false charges and interest on his account and then offering a "discount" settlement.

3

On February 9, 2005, we established the discovery deadline as June 9, 2005, and the

dispositive motions deadline as June 29, 2005.  Nelson filed the instant motion for summary

judgment on May 2, 2005.  On May 23, 2005, Kiliszek also filed a motion for summary

judgment.  Kiliszek argued that exhibit three was an inauthentic reproduction because it

contained the wrong address.  Thus, he maintained, Nelson never sent a letter in March 2003

and the original communication was the May 2004 letter, which did not include the statutorily

required notice.  On June 10, 2005, Nelson responded with George Nelson's affidavit, exhibit

8 to its motion for summary judgment, explaining Nelson's record keeping process and that it

does not keep copies of its collection letters, but if it needs a hard copy it reproduces the

original from a form letter saved in its computer system.

Kiliszek responded with a variety of discovery motions, beginning on June 27, 2005.

First, he moved to strike Nelson's response to his earlier request for documents.  Next, he

moved to compel an answer to his original request for the production of documents.  He also

filed a motion and an affidavit pursuant to Federal Rule of Civil Procedure 56(f) to take

further discovery.

According to his motions, in discovery he requested, "copies of all written

communications sent by Nelson, Watson & Associates, LLC ("Defendant") to plaintiff."

(Doc. 12, Mot. for Add. Disco. ¶ 7).  Nelson responded with exhibit three, the reproduction of

a March 18, 2003 letter.  (Id. ¶ 8).  Kiliszek intends to conduct further discovery to

demonstrate that exhibits three is a *post hoc* fabrication, rather than an accurate reproduction a

4

letter sent to him in March of 2003.  (Id. ¶ 9).  He also seeks a copy of his contract with the

People's Bank, the original creditor.  Finally, he seeks Defendants' admission that it would

have accepted the settlement amount requested in the May 2004 letter even after the deadline

provided therein.

## II.    Jurisdiction

The Court exercises jurisdiction over this dispute pursuant to its federal question

jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367.  Pennsylvania

law applies to those claims considered pursuant to supplemental jurisdiction.  United Mine

Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (citing Erie R.R. Co. v. Tompkins, 304

U.S. 64 (1938)).

## III.    Standards

### A.    Rule 56(f)

If a party requires further discovery to oppose a pending summary judgment motion, he

must comply with the procedure set forth in Federal Rule of Civil Procedure 56(f).

> Should it appear from the affidavits of a party opposing the motion that the
> party cannot for reasons stated present by affidavit facts essential to justify the
> party's opposition, the court may refuse the application for judgment or may
> order a continuance to permit affidavits to be obtained or depositions to be
> taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).

A party opposing summary judgment under Rule 56(f) must file an affidavit in support

of his request for further discovery.  Radich v. Goode, 886 F.2d 1391, 1398 (3d Cir. 1989)

(citations omitted).  He must describe, "what particular information is sought; how, if

uncovered, it would preclude summary judgment; and why it has not previously been

obtained."  Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988).

**B.     Summary Judgment**

Granting summary judgment is proper if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV.

P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in

the light most favorable to the party opposing the motion.  International Raw Materials, Ltd.

v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving

party to demonstrate that the evidence is such that a reasonable jury could not return a verdict

for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it

might affect the outcome of the suit under the governing law.  Id.  Where the non-moving

party will bear the burden of proof at trial, the party moving for summary judgment may meet

its burden by showing that the evidentiary materials of record, if reduced to admissible

evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v.

Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden

shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts

by the use of affidavits, depositions, admissions, or answers to interrogatories showing that

there is a genuine issue for trial.  Id. at 324.

### III.    Discussion

Kiliszek's opposition to Nelson's summary judgment motion centers on his need for

further discovery.   His claims can be divided into three categories.  First, Counts I-III

address the adequacy of Nelson's initial communication.  Count IV turns on whether the May

2004 included a deceptive settlement offer.  Counts V-VII depend on whether the original

contract authorized the collection of costs and interest after People's Bank referred the debt

to Nelson.  Kiliszek explains what he seeks to prove in opposition to summary judgment on

each of the three sets of claims.  We will, therefore, discuss the categories seperately.

For the following reasons, we find that Kiliszek has satisfied his burden to prove that

further discovery is necessary on Counts I-III, and we will deny summary judgment without

prejudice as to these claims.  He has not, however, established that further discovery would

aid his opposition to summary judgment on Count IV or Counts V-VII, and we will grant

summary judgment on these claims.

### A.    Counts I-III: Initial Communication

In Counts I-III, the parties dispute whether the initial collection communication

included the requisite notice.  The FDCPA provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

15 U.S.C. § 1692g(a)(1)-(5).

The parties do not dispute that Nelson sent a letter in May 2004 that did not include this information.  They dispute whether the May 2004 letter was the initial communication. Nelson presents exhibit three as evidence of a March 2003 letter.  Exhibit three contains language satisfying 15 U.S.C. § 1692g(a)(1)-(5).  Kiliszek, however, argues that exhibit three was never sent to him in March 2003 and Nelson fabricated this letter after he filed suit.

Nelson relies on a printout of the debtor overview report detailing all of its debt collection activity on Kiliszek's account to support the authenticity of the March 2003 letter. (Def. Ex. 6).  This record indicates that a letter was sent in March 2003, but it does not explain whether the § 1692g(a) notice was included in the letter.  The affidavit of Nelson's president, George Nelson, explains that the company does not keep physical copies of every letter sent, but rather keeps the debtor overview record that  indicates when a letter was sent

8

and saves a copy of the form letter.  George Nelson's affidavit, however, does not

authenticate exhibit three as a product of this system or as accurately reproducing the

contents of a letter sent in March of 2003.

　　　To demonstrate that exhibit three is not an authentic reproduction, Kiliszek seeks the

information he requested in his second request for the production of documents.[1]  Therein, he

requested "copies of all internal documents regarding policies on collection procedures by

means of telephone . . . . Copies of all internal documents regarding policies on collection

activities by mail. . . .Copies of all different types of sample letters used for collection

purposes."[2]  He also explains that he failed to obtain this information previously because

---

　　　[1] In analyzing whether Kiliszek made the requisite Rule 56(f) showing, we will consider his numerous briefs and motions accompanying his Rule 56(f) affidavit. These materials clarify and add detail to his need for discovery.  Although it is preferable that all the information in support of a Rule 56(f) motion be set forth in the affidavit itself, we must consider the reasoning set forth in the documents supplementing the affidavit. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of Rule 56(f) in good faith and to afford the trial court the showing necessary to access the merit of the party's opposition." Radich v. Goode, 886 F.2d 1391, 1394 (3d Cir. 1989) (citations omitted).  Considering materials accompanying the affidavit furthers the goal of ensuring that plaintiffs make the necessary showing without undermining the requirement that an affidavit shows good faith.  In some circumstances, an unsworn motion is sufficient even without an accompanying affidavit. See St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (finding that the district court abused its discretion in granting summary judgement without regard to the pending Rule 56(f) motion even though the motion was not supported by an affidavit). "Although we again emphasize the desireability of full compliance with Rule 56(f), failure to support a Rule 56(f) motion by affidavit is not automatically fatal to its consideration." Id.  The central issue is whether the party has sufficiently "inform[ed] the district court why delay is needed before the motion [for summary judgment] can be properly considered." Id.  Thus, where a party opposing summary judgment supports a Rule 56(f) motion with an affidavit and supplemental materials, the district court must consider the reasoning set forth in accompanying documents.

　　　[2] Defendant objected to each of these requests as beyond the scope of discovery.  We will address this issue in our discussion, infra, of Kiliszek's motion to compel.

Nelson presented exhibit three as a copy of the original, not as a reproduction created from a form letter after the initiation of litigation.  (Pl. Aff. ¶ 6).

We find that Kiliszek has sufficiently explained his need for further discovery on the initial communication.  He seeks information about the form letters and mail collection policies to determine whether exhibit three is in fact an accurate reproduction of a letter sent on March 6, 2003, or whether it is a fabrication and Nelson never created or sent a letter in March 2003 that contained the § 1692g(a)(1)-(5) notice.  The authenticity exhibit three is central to the determination of which letter was the initial communication, and thus is directly relevant to summary judgement on Counts I-III.  "A district court should grant a Rule 56(f) motion almost as a matter of course unless the information is otherwise available to the non-movant."  Contractor's Association v. Philadelphia, 945 F.2d 1260, 1267 (3d Cir. 1991) (citations omitted).  Accordingly, we will: 1) grant Kiliszek's motion for further discovery on Counts I-III pursuant to Rule 56(f); 2) deny Nelson's motion for summary judgment on Counts I-III without prejudice; and 3) reopen discovery.

### B.    Count IV: False, Deceptive, or Misleading Settlement Offer

The parties agree that the March 2004 letter included the following notice:

> The above referenced account has been with this office for collection. Remittance of the payment in full is hereby requested.  However, People's Credit Plan has agreed to accept one single payment in the amount of $1,336.87 as a settlement on this account.  FUNDS MUST BE RECEIVED IN MY OFFICE NO LATER THAN THE CLOSE OF BUSINESS May 21, 2004.

(Pl. Amend. Compl.  Ex. A)

Kiliszek argues that this is a one-time, take-it-or-leave-it offer indicating that Nelson would never again accept $1,336.87 to settle after May 21, 2004, and in fact, through further discovery, he would show that they would have accepted this amount even after the deadline.[3]

We find that Kiliszek's argument is based on an erroneous reading of the May 5, 2004 letter, and thus, even if Nelson would have accepted $1,336.87 to settle the debt after May 21, 2004, the letter did not violated the FDCPA.  Thus, further discovery on this issue would be irrelevant, and we will grant summary judgment for Nelson on this issue.

The FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . . The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

We must determine whether the terms of the collection letter would be false, deceptive, or misleading to the "least sophisticated consumer."   Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  "[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and

---

[3] Kiliszek has articulated no information he plans to obtain with further discovery on this Count other than Nelson's admission that it would have accepted the settlement amount after the deadline.

willingness to read with care." <u>Id.</u> at 354-55.

Kiliszek maintains that <u>Goswami v. American Collections Enterprise</u>, 377 F.3d 488

(5th Cir. 2004) establishes that the least sophisticated consumer could construe Nelson's

letter as presenting a one time offer unavailable after the deadline.  In <u>Goswami</u>, the

defendant collective agency sent the following notice to the plaintiff.

> We are sending this letter in an attempt to clear your long and overdue
> account.  Effective immediately, and only during the next thirty days,
> will our client agree to settle your outstanding balance due with a thirty
> percent (30%) discount off your above balance owed.  This settlement
> must be in one payment and must be received in our office no later than
> 30 business days from the date of this letter unless you contact our
> office to make other arrangements.

<u>Id.</u> at 492.

The agency, however, had authority to settle for a thirty percent discount at any time,

not just in the thirty days immediately following the plaintiff's receipt of the letter.  <u>Id.</u> at

495.   Thus, the court found the language offering a discount settlement "only in the next

thirty days" to convey a false one-time, take-it-or-leave-it offer.  <u>Id.</u>

The May 2004 letter, however, is distinguishable because it did not provide that the

discount would be available "only in the next thirty days."  Rather, it explained that to accept

the specific offer presented in the letter, Kiliszek had to ensure that Nelson received the

money by the deadline.  "People's Credit Plan has agreed to accept one single payment in the

amount of $1,336.87 as a settlement on this account.  FUNDS MUST BE RECEIVED IN

MY OFFICE NO LATER THAN THE CLOSE OF BUSINESS May 21, 2004."  (Pl. Amend.

Compl. Ex. A).  Unlike the language in <u>Goswani</u>, this does not foreclose similar future settlement offers, and we find the least sophisticated consumer could not interpret it as a one-time, take-it-or-leave-it offer.

In <u>King v. Arrow Financial Services</u>, the defendant collection agency sent a similar collection letter. No.Civ.A.02-867, 2003 WL 21780973, at *1 (E.D. Pa. July 31, 2003).  "At this time our client is willing to settle your past due account for 40% of the full balance and accept this amount as settlement of the referenced account.  The settlement amount must be made in one payment and received by our office on or before April 3, 2002."  <u>Id.</u>  The plaintiff argued that this language presented a false one-time only settlement offer.  <u>Id.</u> at *3.  The court disagreed.  It found that the letter implied neither that the agency would never make a similar settlement offer at a later date, nor that failure to settle by the given date would have negative repercussions.  <u>Id.</u>  "The inclusion of a deadline for acceptance of the settlement is merely a term of the settlement offer, and the least sophisticated consumer would interpret it as such."  <u>Id.</u>; <u>see also</u> <u>Gully v. Van Ru Credit Corp.</u>, 381 F. Supp. 2d 766, 771-73 (N.D. Ill. 2005) (finding that establishing deadline for an offer did not imply that the debt collector would never make that same offer again); <u>Sarder v. Acad. Collection Serv. Inc.</u>, No.CIV.A. 02-2486, 2005 WL 615831 (E.D.N.Y Mar. 3, 2005) (holding that the inclusion of a deadline to a settlement offer does not imply that the collection agency will not accept a lower amount to settle the case at a later date, particularly when the offer provides the option to discuss the account).

13

We agree that Nelson's inclusion of a deadline in the May 2004 settlement offer did not imply that the offer was a one-time only offer.  Nelson's letter, like the letter in <u>King</u>, did not imply that it would never again make a similar offer, it merely provided an expiration date for the specific offer in the letter.  It included no threatened repercussions for failure to remit payment by the deadline.  It also specifically provided the option to discuss the account.  "If payment in full is a hardship for you, options are available for your repayment of this debt.  Please feel free to call this office to discuss the alternatives available to you."  (Pl. Compl. Ex. A).  Thus, the letter establishes an expiration date for the offer, but does not imply any negative repercussions.  Accordingly, we find that the May 6, 2004 letter does not put forth a one-time only settlement offer, and we will grant summary judgment for Nelson on Count IV.

### C.     Counts V-VII: Costs and Interest in the Original Agreement

Counts V-VII are based on Kiliszek's claim that, in violation of 15 U.S.C. § 1692f(1), Nelson attempted to collect interest and costs that were not authorized by the agreement creating the debt.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Count V alleges that Nelson fraudulently attempted to collect interest on the principle,

and Count VI alleges that Nelson fraudulently attempted to collect fees in addition to the principle.

In his Rule 56(f) motion, Kiliszek seeks to discover the original agreement that created the debt. This agreement, in fact, was provided as exhibit 4 to Nelson's motion for summary judgment. Kiliszek himself relied on this document in support of his motion for summary judgment filed in May of 2005.[4] Thus, further discovery in this matter is unnecessary, and we will address the summary judgment issue.

Kiliszek argues that his original credit card agreement precludes Nelson from recovering interest that accrued after People's Bank referred the account. In support, he cites the provision authorizing the referral.

> If you default under this Agreement, People's Bank may give your account to a collection agency for collection. If People's Bank does that, you agree to pay the reasonable fees and expenses of People's Bank's collection agency. People's Bank may also sue you to collect your account.

(Def. Ex. 4 ¶ 14).

Kiliszek interprets the explicit authorization of the collection of fees and expenses as precluding the collection of interest on the account. We disagree. Merely because Nelson was specifically authorized to collect its fees and expenses after referral does not cease the accrual of interest. The referral paragraph, in fact, is silent on the issue of post- referral

---

[4] Kiliszek has articulated no other information he plans to seek in support of Counts V-VII. Thus, he has failed to satisfy his burden under Rule 56(f) to describe the particular information sought and how, if uncovered, it would preclude summary judgment. Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988).

interest.  Furthermore, it provides for the "account" to be turned over to the collection

agency, not solely the principle.  Finally, the remainder of the agreement specifically

provides, in detail, for the accrual of interest.  (Id. ¶ 8-10, 13).  It even provides a default rate

to be "applied to your existing balances" after default.  (Id. ¶ 13).   Therefore, we find that,

under the original agreement, interest continued to accrue after People's Bank referred the

account to Nelson, and Nelson's attempt to collect this interest did not violate the FDCPA.

Kiliszek's argument that Nelson attempted to collect fees that were not provided by

the original agreement is equally without merit.  The collection agreement (Def. Ex. ¶ 5,

Schedule B) allows a collection fee of fifteen percent.  Kiliszek argues that fifteen percent of

the principle, $ 1,647, is $ 247.17, and thus, the collection fee requested in the May 2004

letter, $ 290.10, is not authorized.

Kiliszek's argument ignores the interest on the account.  The collection agreement

allows a fee of fifteen percent of the amount due on the entire balance of the account, not just

the principle.  (Id.)  Thus, the fee is fifteen percent of the principle and the interest.

Accordingly, Kiliszek has not created a genuine issue of material fact that Nelson attempted

to collect a fee that was not provided for by the original agreement, and we will grant

summary judgment on Counts V and VI.

Additionally, we will grant summary judgment on Count VII, the common law fraud

claim.  Count VII asserts that Nelson fraudulently increased the amount of the debt and then

offered a "discount" settlement that was in fact much closer to the appropriate amount of the

debt than Nelson represented.  As discussed <u>supra</u>, Kiliszek has failed to create a genuine

issue of material fact that Nelson increased the debt above what was actually owed.  His

argument is based on an erroneous reading of his agreement with People's Bank and People's

Bank's agreement with Nelson.  Therefore, for the same reasons, we will grant summary

judgment on the fraud claim as well.

### D.    Outstanding Discovery Motions

Kiliszek has an outstanding motion to compel discovery. He seeks his original

agreement with People's Bank, a response to his second request for the production of

documents, and an admission that Nelson would have accepted $1,336.87 to settle the debt

after May 21, 2004.  His request for the original agreement is moot because he has this

agreement and relied on it in his motion for summary judgment.  His request for the

admission is moot because we found that the settlement offer in the May 2004 letter was not

a one-time only, take-it-or-leave-it offer.[5]

Thus, the sole discovery request at issue is the second request for the production of

---

[5] Additionally, he has an outstanding motion to strike Nelson's response to his request for a production of documents, and a motion to strike Nelson's summary judgment motion.  He notes that Nelson supported his summary judgment motion with exhibit three, which he argues is a fabricated document.  He also notes that Nelson provided exhibit three in response to his request for a copy of the original letter.  Thus, he argues that we should strike Nelson's summary judgment motion and response to the production of documents.  As an initial matter, motions and discovery responses are not subject to motions to strike under Federal Rule of Civil Procedure 12(f) or 37(b)(2)(C) because neither is a pleading.  Furthermore, we will deny these two motions as moot because we will allow Kiliszek additional discovery to address the authenticity of exhibit three.

documents.  Therein, Kiliszek requested "copies of all internal documents regarding policies on collection procedures by means of telephone . . . . Copies of all internal documents regarding policies on collection activities by mail. . . .Copies of all different types of sample letters used for collection purposes."   Defendant objected to each of these requests because they seek proprietary business information and are vague, ambiguous, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible information.

We will deny the motion to compel because we agree that the request is over-broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  The sole factual issue remaining in this case is whether the March 2003 or May 2004 letter was the initial communication.  Kiliszek seeks to show that exhibit three is not an accurate reproduction of a letter Nelson sent to him and it never sent him a letter in March 2003.  Thus, the request for every sample collection letter and every collection policy is over-broad.  While certainly these requests would cover discoverable and relevant information,[6] Nelson is a collection agency, and thus producing all documents regarding policies on

---

[6] Nelson has failed to demonstrate that the discovery sought should be protected from discovery as a trade secret.  Defendants' proprietary business information is not generally privileged from discovery. Federal Open Market Committee v. Merrill, 442 U.S. 340, 362 (1979).  It is Nelson's burden as the party resisting discovery to initially demonstrate that the information sought is a trade secret and the disclosure of this information would be harmful. Charles Alan Wright et al., Federal Practice and Procedure § 2043 (2d ed. 1994).  If the party opposing discovery satisfies this burden, the burden shifts to the party seeking discovery to establish that disclosure of the proprietary information is relevant and necessary.  Id. Nelson has made no showing that the information sought is a trade secret or disclosure would be harmful.  It merely presented a conclusory objection on the basis that the request included proprietary information.  Thus, Nelson has not satisfied its burden and we cannot find that the information is protected at this time.

collection activities by the phone and mail would require Nelson to turn over every policy

relating to its business.  Given the narrow issue remaining, this request is not reasonably

calculated to lead to the discovery of admissible information.  Therefore, we will deny

Kiliszek's motion to compel without prejudice.  Kiliszek must make some attempt to narrow

his request to seek only those policies or sample letters that are reasonably calculated to lead

to the discovery of relevant evidence.

We will, however, order both parties to exchange their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) within two weeks of the reopening of discovery.

Furthermore, if the parties cannot resolve future discovery disputes without court

intervention, they are instructed not to file written discovery motions, but instead they must

call the Court and we will set up a telephonic discovery conference within one day.

We will also deny both parties' requests for attorneys fees and costs associated with

the discovery motions.  Under Federal Rule of Civil Procedure 37(a)(4), the court may refuse

to award attorneys fees and costs where circumstances make the award of expenses unjust.

Here, neither party disobeyed an order of the Court, and each party's position was

substantially justified.  While we are unsatisfied with the parties' efforts to resolve their

issues without court intervention, the parties are equally to blame for this failure, and thus the

award of expenses against either party would be unjust.

**IV.     Conclusion**

We will grant Kiliszek's Rule 56(f) motion to delay adjudication on the summary

19

judgment motion in part and deny it in part.  He has demonstrated that he needs further

discovery to determine the authenticity of exhibit three, which is relevant to Counts I-III.

Thus, we will allow him to conduct further discovery on these counts.  Kiliszek's proposed

further discovery, however, is irrelevant to Count IV and Counts V-VII.  Therefore, we will

deny his motion for further discovery and grant summary judgment on these claims.  An

appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTIN KILISZEK,** | : | **No. 3:04cv2604** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **NELSON, WATSON,** | : | |
| **& ASSOCIATES, LLC** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 14th day of February 2006, it is hereby **ORDERED** that:

1) Plaintiff's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 21) is hereby **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent it seeks further discovery on Counts I-III. It is denied to the extent it seeks further discovery on Counts IV-VII.

2) Defendant's Motion for Summary Judgment (Doc. 7) is **GRANTED** in part and **DENIED** in part. Summary judgment is granted on Counts IV-VII, and denied without prejudice on Counts I-III.

3) Plaintiff's Cross Motion for Summary Judgment (Doc. 9) is **DENIED** without prejudice on Counts I-III, and with prejudice on Counts IV-VII.

4) Plaintiff's Motion to Strike Defendant's Response to Production of Documents (Doc. 18) is **DENIED**.

5) Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. 22) is **DENIED**.

6) Plaintiff's Motion to Compel (Doc. 19) is **DENIED** without prejudice. Plaintiff is instructed to narrow his discovery request as described in the accompanying memorandum.

7) Both parties' requests for attorneys fees and costs associated with filing these motions are **DENIED**.

8) Discovery on Counts I-III is hereby **REOPENED**. The parties must exchange their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date of this Order. In the event that the parties cannot resolve future discovery disputes without Court intervention, they are

instructed <u>not to file written motions</u>.  Instead, they must contact Sylvia Murphy in the Court's chambers by calling 570-207-5785, and the Court will schedule a telephonic discovery conference to address the dispute within twenty four hours of the phone call.

9)    The case management deadlines are hereby set as follows:

Discovery:  May 19, 2006                    Dispositive Motions: June 2, 2006

Plaintiff's Expert Report:  May 19, 2006          Defendant's Expert Report, June 19, 2006

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**